UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UMAR MUHAMMAD,

    Plaintiff,

v.

Civil No. 1:18-14087
Hon. Thomas L. Ludington

BONITA HOFFNER, MS. MARVIN,
UNKNOWN AGENTS OF THE
POSTAL SERVICE, J. ROHRIG,
MICHIGAN DEPARTMENT OF CORRECTIONS,
BRYAN MORRISON, et. al.,

    Defendants.
_____/

**ORDER PARTIALLY DISMISSING COMPLAINT AND TRANSFERRING THE REMAINDER OF THE COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Umar Muhammad, ("Plaintiff"), incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). The Lakeland Correctional Facility is in Coldwater, Michigan, located in the United States District Court for the Western District of Michigan.

Plaintiff names as defendants the Michigan Department of Corrections, four prison officials at the Lakeland Correctional Facility (Bonita Hoffner, Ms. Marvin, J. Rohrig, and Bryan Morrison), and the U.S. Postal Service. He alleges that the prison officials failed to send his legal mail to attorneys and opened legal mail that had been returned to him. He also alleges that the U.S. Postal Service and its employees failed to deliver his legal mail.

**I.**

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
>     (i)    is frivolous or malicious;
>
>     (ii)    fails to state a claim on which relief may be granted; or
>
>     (iii)    seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

**II.**

Plaintiff alleges that the U.S. Postal Service or its employees failed to deliver his legal mail to several attorneys. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from being sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1996). Accordingly, the United States Postal Service, as an independent establishment of the executive branch of the United States Government, enjoys federal sovereignty absent a waiver. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483–84 (2006). Although the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.,* in general "waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,'" *Id.* (quoting *Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736, 741 (2004)(quoting 39 U.S.C. § 401(1)), the statute also provides that the Federal Tort Claims Act ("FTCA") "shall apply to tort claims arising out of activities of the Postal Service." *Id.* (citing 39 U.S.C. § 409(c)).

However, the FTCA lists thirteen categories of claims within 28 U.S.C. § 2680 which are exempt from the FTCA and for which sovereign immunity remains. 28 U.S.C. § 2680(b) provides that "The provisions of this chapter and section 1346(b) of this title shall not apply to…[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Accordingly, Plaintiff's claim alleging the negligent failure to deliver his mail is barred by sovereign immunity under § 2680(b) of the FTCA. *See Livingston v. Martin*, 28 F. App'x. 434, 435 (6th Cir. 2002).

Furthermore, the Michigan Department of Corrections will be dismissed as a defendant because it is not a "person" subject to suit under 42 U.S.C. § 1983. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *Rodgers v. Michigan Dept. of Corrections,* 29 F. App'x. 259, 260 (6th Cir. 2002).

## III.

The remainder of the complaint will be transferred to the United States District Court for the Western District of Michigan, because venue is not proper in this district. For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6)

the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The convenience of the parties and witnesses and the interests of justice are best addressed by transferring this case to the Western District of Michigan. All of the "operative facts" in this case took place at the Lakeland Correctional Facility, which is located in the Western District of Michigan. *See Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). All of the defendants work or worked at this facility. *See O'Neill v. Battisti*, 33 Ohio Misc. 137, 472 F. 2d 789, 791 (6th Cir.1972) (determining that public officials "reside" in the county where they perform their official duties.). The witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting plaintiff to Eastern District of Michigan would be significant. For these reasons, transfer of this action to the Western District of Michigan is proper. *See Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995).

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's claims against Defendants United States Postal Service and its agents and the Michigan Department of Corrections are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

It is further **ORDERED** that the Clerk of the Court is directed to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

Dated: April 25, 2019             s/Thomas L. Ludington
                           THOMAS L. LUDINGTON
                           United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon **Umar Muhammad** #140342, LAKELAND CORRECTIONAL FACILITY, 141 FIRST STREET, COLDWATER, MI 49036 by first class U.S. mail on April 25, 2019.

                                            s/Kelly Winslow
                                            KELLY WINSLOW, Case Manager